UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH F.,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO. 4:21-CV-5118-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 12).  These matters were submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED,** and Defendant's Motion for Summary Judgment (EFC No. 12) is **GRANTED**.

//

//

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

1  ALJ's decision on account of an error that is harmless." *Id.* An "error is harmless
2  where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at
3  1115 (citation omitted).  The party appealing the ALJ's decision generally bears
4  the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396,
5  409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On November 30, 2018, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of June 1, 2017. Tr. 16. The application was initially denied and denied again on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before an administrative law judge ("ALJ") on September 15, 2020. *Id*. The ALJ denied Plaintiff's claim on October 28, 2020. Tr. 29.

As a threshold matter, the ALJ found Plaintiff would meet the insured status requirements of the Social Security Act through December 31, 2023. Tr. 18. At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity after November 30, 2018, the amended alleged onset date. Tr. 16, 19. At step two, the ALJ found Plaintiff had the following severe impairments: thoracolumbar degenerative disc disease, asthma, obesity, anxiety disorder, and depressive disorder. Tr. 19. At step three, the ALJ found Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found Plaintiff had a residual functional capacity to perform a full range of light work with the following limitations:

> [The claimant] can stand and/or walk for four hours total, in combination, in an eight-hour workday; she can occasionally perform all postural activities; she can have no exposure to pulmonary irritants or workplace hazards, such as unprotected heights and moving mechanical parts; she is limited to simple, routine tasks and low-level detailed tasks, consistent with a reasoning level of 3 or less; and she needs a routine, predictable work environment with no more than occasional changes.

Tr. 22.

At step four, the ALJ found Plaintiff was not capable of performing past relevant work. Tr. 27. However, based on the vocational expert's hearing testimony, the ALJ also considered alternative jobs and concluded that, based on Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs that existed in the significant numbers in the national economy that Plaintiff could perform, such as a bottle line worker, laundry folder, and garment sorter. Tr. 28–29. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from November 30, 2018, the alleged onset date, through October 28, 2020, the date of the ALJ's decision. Tr. 29.

//

# ISSUES

1. Whether the ALJ properly evaluated the medical opinion evidence?

# DISCUSSION

### A.     Medical Opinion

Plaintiff argues the ALJ failed to properly consider the medical opinion of Dr. Alpern, a medical expert.  ECF No. 11 at 3.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ applied the new regulations because Plaintiff filed her Title II and XVI claims after March 27, 2017.  *See* Tr. 16.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1   ALJ is required to explain how "the most persuasive factors" were considered.  20

2   C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

3       Plaintiff acknowledges the new regulations apply but argues they do not

4   negate Ninth Circuit precedent regarding the evaluation of medical source

5   opinions.  ECF No. 11 at 5.  The Ninth Circuit currently requires the ALJ to

6   provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

7   either a treating or examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th

8   Cir. 1995).  When a treating or examining physician's opinion is contradicted, the

9   Ninth Circuit has held the medical opinion can only "be rejected for specific and

10  legitimate reasons that are supported by substantial evidence in the record."  *Id.* at

11  830–31 (internal citation omitted).

12      At this time, the Ninth Circuit has not addressed whether these standards still

13  apply when analyzing medical opinions under the new regulations.  For purposes

14  of the present case, the Court finds that resolution of this issue is unnecessary.  *See*

15  *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June

16  29, 2020) (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*,

17  545 U.S. 967, 981–82 (2005) ("[T]he Court is mindful that it must defer to the new

18  regulations, even where they conflict with prior judicial precedent, unless the prior

19  judicial construction 'follows from unambiguous terms of the statute and thus

20  leaves no room for agency discretion.'")).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

Plaintiff challenges only the ALJ's assessment of Dr. Alpern's opinion. *See generally* ECF No. 11. Plaintiff argues the ALJ failed to sufficiently explain why Dr. Alpern's opinion was medically unsound. *Id*. at 12.

Dr. Alpern reviewed the medical record and opined that Plaintiff was limited to light work, with postural and environmental limitations. Tr. 26. He also stated Plaintiff would miss two or more days of work per month. *Id*. At the hearing, he testified that Plaintiff could only occasionally perform manipulative activities. *Id*. The ALJ found Dr. Alpern's opinion regarding Plaintiff's absences and manipulative limitations inconsistent with the record and unsupported by Dr. Alpern's own testimony. Tr. 27.

Specifically, the ALJ noted Dr. Alpern did not appear to have a firm grasp on the evidence, as he was unable to identify the duration of Plaintiff's carpel tunnel syndrome. *Id*. The objective medical evidence indicated Plaintiff's carpel tunnel syndrome did not cause Plaintiff any significant limitations for any twelve-month period. *Id*. Plaintiff underwent a carpal tunnel release surgery for her right hand, after which she indicated she experienced complete relief. *Id*. Following a surgery to her left hand, Plaintiff reported normal sensation and strength. *Id*.

Additionally, Dr. Alpern admitted that he was unaware that Plaintiff's de Quervain's tenosynovitis had been surgically corrected. *Id*. The ALJ found this lack of awareness demonstrative of a less than thorough review of the record. *Id*.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1  The ALJ also found Dr. Alpern's reliance on Plaintiff's own symptom testimony
2  during the hearing wholly inappropriate for a medical expert, particularly where
3  Plaintiff's statements were unsupported by the objective medical evidence and
4  inconsistent with another treating specialist. *Id*.
5  Finally, the ALJ found Dr. Alpern's assessment that Plaintiff would miss
6  two or more days of work per month "nonsensical" because his opinion relied on
7  the "multiplicity" of Plaintiff's issues, rather than an evaluation of the functional
8  impact of her medical conditions. *Id*. During the hearing, Dr. Alpern even
9  admitted there was no objective medical evidence to support the notion that
10 Plaintiff would chronically miss two or more days of work per month. *Id*. As
11 such, the ALJ found Dr. Alpern's opinion only partially persuasive. *Id*.
12 The ALJ's conclusion regarding Dr. Alpern's medical opinion is supported
13 by substantial evidence and consistent with Ninth Circuit law that a medical
14 opinion may be rejected if it is brief, conclusory, or inadequately supported. *Bray*
15 *v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228 (9th Cir. 2009).

## CONCLUSION

17 Having reviewed the record and the ALJ's findings, this Court concludes
18 that the ALJ's decision is supported by substantial evidence and free of harmful
19 legal error.
20 //

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 12) is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **close** the file.

DATED April 19, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13